*J̲u̲d̲a̲h̲ and others *against* K̲e̲m̲p̲.     [*411]

Where A. shipped goods by B. the master of a vessel at London for New
York, and the consignee assigned the bill of lading to C. who demanded
the goods and tendered a sum of money for the freight, but whether enough
did not appear; B. refused to deliver the goods, assigning as a reason that
he was ordered by the ship-owners not to deliver them, and made no objec-
tion as to the tender of the freight; in an action of trover against B. it was
held, that he had waived any tender of the freight; and that his refusal
was evidence of a conversion.

T̲h̲i̲s̲ was an action of *trover* for goods shipped by one of
the plaintiffs, residing in London, on board of the ship Fac-
tor, of which the defendant was master, for New York.
The ship arrived at New York on the 22d of December,
1799, and on the next day the consignee assigned the bill of
lading to the plaintiffs, who are partners, some of whom re-
side in New York. The endorsement on the bill of lading
was as follows : " For value received, I assign the cases and
goods within mentioned to Benjamin S. Judah and brothers
or order. 23d December, 1799. N. Judah." The goods
were entered at the custom house by the plaintiffs, and a per-
mit for landing them obtained, and delivered by them to the
custom house officer.

On the 3d January, 1800, the plaintiffs demanded the
goods of the defendant, who refused to deliver them, alleg-
ing that he had orders from the ship-owners not to de-
liver them. At the time of the demand, a sum of money
was tendered to the defendant for the freight, but whether it
was equal to the freight or not, did not appear ; nor was the
permit then shown or presented to the defendant.

It appeared that the goods had been previously sold by
the ship-owners, and that the permit was in the hands of the
custom house officer when the goods were landed, who did
not observe the persons who took away the goods.

A verdict was taken for the plaintiffs, subject to the opi-
nion of the court, on a case containing the above facts.

The counsel for the defendants, contended, 1. That the

Judah and others v. Kemp.

assignment endorsed on the bills of lading, and the delivery thereof, did not transfer the property so as to support this action.    2. That the plaintiffs did not show that the freight had been tendered.    3. That the permit to [*412]    *land the goods ought to have been presented to the defendant.

*B. Livingston,* for the plaintiffs.

*Hamilton,* contra.

*Per Curiam.*    When the defendant refused to deliver the goods on the ground that his owners had ordered him not to deliver them, a tender of the freight was not necessary.    The plaintiffs, however, did tender a sum of money for freight, though the amount does not appear ; but as the defendant did not make any demand of freight, nor object to the tender, it was sufficient.    The goods were not detained by the defendant on the ground of his *lien,* but for a different reason, which amounted to a waiver of the tender.(*a*)    His refusal, therefore, is evidence of a conversion, and the plaintiffs are entitled to judgment.(*b*)

Judgment for the plaintiffs.

(*a*) See note to *Coit* v. *Houston, infra,* vol. 3, p. 243.

(*b*) The books are so full of cases confirmatory of this principle, that no references are needed.   See, however, Archbold's Nisi Prius, 457, 458.   3 Stephens' N. P. 2682, *et seq.*   3 Harrison's Dig. Am. ed. 1846, p. 6405, *et seq.*   5 id. 1702, *et seq.*   4 New York Digest (Clerke's) ed. 1845, p. 1159.   Minot's Dig. 684, *et seq.*   3 United States Digest, 587, *et seq.*   2 Supplement to United States Dig. 878, *et seq.*