# Hiram F. Andrews, Plff. in Err., *v.* W. A. Wade et Ux.

In a deed of land a reservation of "all the pine and hemlock timber growing on said land" applies only to living trees of suitable size for use at the date of the deed.

A right to cut and remove timber growing on the land of another must be exercised within a reasonable time or it will be presumed to have been forfeited.

Where one having a lien on goods sets up a claim hostile to the owner's title and wrongfully sells the goods, he cannot set up the lien as a bar to the owner's recovery, in an action of trover, for his illegal act.

(Decided October 4, 1886.)

Error to the Common Pleas of Warren County to review a judgment on a verdict for the plaintiffs in an action of trover. Affirmed.

This was an action of trover by W. A. Wade and Ella A., his wife, in the right of the wife, against Hiram F. Andrews for a lot of lumber. The defendant pleaded not guilty.

Cited in Williams v. Smith, 153 Pa. 462, 465, 25 Atl. 1122.

NOTE.—A bailee has no power to deny his bailor's title, and set the same up in himself. Such conduct constitutes conversion, and the bailor may treat the contract as terminated and recover the property in replevin. Collins v. Bellefonte C. R. Co. 171 Pa. 243, 33 Atl. 331. Though the rule is otherwise where the superior title recognized is that of a third party who has claimed the property while in the hands of the bailee. King v. Richards, 6 Whart. 418, 37 Am. Dec. 420; Floyd v. Bovard, 6 Watts. & S. 75. But an actual claim by the third party must appear. McCafferty v. Brady, 19 W. N. C. 553, 7 Cent. Rep. 597, 9 Atl. 37; Susquehanna Boom Co. v. Rogers, 3 W. N. C. 478, 33 Phila. Leg. Int. 306. By the act of conversion, the right to a lien is forfeited. Foster v. Juniata Bridge Co. 16 Pa. 393, 55 Am. Dec. 509; Williams v. Smith, 153 Pa. 462, 25 Atl. 1122; Davis v. Bigler, 62 Pa. 242, 1 Am. Rep. 393. So at common law the lien was lost by the transfer of the property by the bailee to another to secure the lien which he assigns. Bean v. Bolton, 3 Phila. 87; Kusenberg v. Browne, 42 Pa. 173. But such a transfer is now permitted by the act of December 14, 1863 (P. L. 1127). Rodgers v. Grothe, 58 Pa. 414.

At the trial before TAYLOR, P. J., the following facts appeared:

In March, 1865, L. D. Wetmore conveyed to Amos R. Ross a tract of land, reserving "all the pine and hemlock timber growing on said land." The plaintiff Ella A. Wade succeeded to Ross's title. In 1877 she took pine logs cut from the land to the defendant to be sawed at his mill.

Before the logs were sawed the defendant received notice from the Great National Petroleum Company forbidding him to deliver the logs or lumber to the plaintiff. The company claimed the logs under a deed of the timber on the tract from Wetmore to its grantor in May, 1865. Between that date and the transfer of Ross's title to the plaintiff, the owners of the timber on the tract had cut and removed all the merchantable timber. The logs in question were "second growth."

The defendant sawed the logs and, ignoring the plaintiff's title, bought the lumber from the company. Upon the defendant's refusal to deliver the lumber the plaintiffs brought this suit.

The court charged, *inter alia,* as follows:

"[Now as to the character of this timber, under the reservation in the deed, we instruct you that the character of the timber trees which were reserved under that clause in the deed was such trees as were at that time fit for mechanical purposes, for commerce or marketing, or for anything that people used timber for, every tree of pine and hemlock that was large enough at the date of that deed to be used for any mechanical purpose, using as a man usually uses timber or lumber made from timber trees.] The word 'growing,' used in this reservation, we will construe as meaning living trees. And by that reservation the owner of the soil would have the right to take any dead trees that were upon the land, under the construction which we give it, while the word 'growing' meant those trees that were living, in our opinion, and the 'timber trees' were such as were at that time fit for use.

"[Whatever trees were not fit, at the date of the deed of Ross, for timber to be used in some way, and afterwards they grew up to become timber trees, and if you find the defendant

converted them to his own use, as there is no controversy here about that, that he did convert them, you should find a verdict for the plaintiff for the value of this lumber] at the time when it was demanded, deducting $2.50 per thousand for sawing the same; to which you might add interest from the time of the demand and refusal.

"The burden of proof is upon the plaintiffs to satisfy you that their theory is the correct one. If you find from the evidence that the trees that he cut there were timber trees at the time when this deed was executed, and not such as had grown into trees during the ten or eleven years, your verdict should be for defendant."

The defendant asked the court to charge: "That the logs having been hauled by the plaintiff and delivered to the defendant at his mill for the purpose of being sawed into boards, and the defendant having sawed them into boards at his mill, and the boards being in his possession, he had a lien on the boards for the amount of a reasonable compensation for the sawing, and he had a right to retain possession thereof until paid or tendered the compensation for sawing."

To which the court answered: "As an abstract proposition of law, this point is affirmed; but with reference to the evidence in this case, if the jury find from the evidence that at the time demand was made and a refusal to deliver, the defendant had either sold the lumber or claimed that he had bought the same from another and claimed the property as his own, and, without making any claim for compensation for sawing, defends upon a claim of title adversely to the plaintiff and derived from another source, the plaintiff might recover without a tender if the other facts in the case would warrant a recovery."

Verdict and judgment were for the plaintiffs; whereupon, the defendant took this writ, assigning as error the portions of the charge inclosed in brackets and the answer to his point.

*R. Brown,* for plaintiff in error.—The defendant had a lien on the lumber for the reasonable price for its manufacture as against the plaintiff, and he can retain the lumber until the

amount for which he has a lien is paid or tendered. Pierce v. Sweet, 33 Pa. 151; Mathias v. Sellers, 86 Pa. 487, 27 Am. Rep. 723; Hoover v. Epler, 52 Pa. 524; M'Intyre v. Carver, 2 Watts & S. 392, 37 Am. Dec. 519.

The reservation kept in the grantors such a right in the soil upon which the timber was growing as to constitute them tenants in common with the grantee. They had not only the right to go upon the land to cut and take away the timber proper for the manufacture of boards, but to select such timber and judge of its fitness for the use intended. Wheeler v. Carpenter, 107 Pa. 275.

All the timber which is growing upon the land is the grantor's until he has notice to take it off. The plaintiff is not entitled to the growth after the date of the reservation. Such as became timber before the notice, but was too small at the date of the reservation, did not become the property of the owner of the fee by the subsequent growth. Ibid.

In the charge quoted in the fourth assignment the learned judge stated as a fact what was not proven, and about which there was very much controversy touching the conversion wherein he says: "There is no controversy here about that, that he did convert it;" although the instruction was not perhaps technically binding, it misled the jury on the pivotal point in the case. Such has frequently been ground for reversal. Bisbing v. Third Nat. Bank, 93 Pa. 82, 39 Am. Rep. 726; Pennsylvania R. Co. v. Berry, 68 Pa. 272; Nieman v. Ward, 1 Watts & S. 68.

*D. I. Ball* and *C. C. Thompson,* for defendant in error.— The defendant's assertion of a title hostile to the title of the plaintiff is inconsistent with a lien in his favor. His lien could only be on her title. And besides, when he converted the property, by such act he parted with his lien.

A lien may be lost by setting up a claim hostile to the title of the owner of the goods. Paley, Principal & Agent, p. 147, note; Everett v. Coffin, 6 Wend. 603, 22 Am. Dec. 551; Holbrook v. Wight, 24 Wend. 169, 35 Am. Dec. 607.

If the transferee sell the goods, the owner is remitted to his original rights, freed from the lien, and may bring trover against

him. Davis v. Bigler, 62 Pa. 251, 1 Am. Rep. 393; Story, Agency, § 367; Paley, Principal & Agent, p. 145, note, citing Nash v. Mosher, 19 Wend. 431. And see Macky v. Dillinger, 73 Pa. 85.

The party having a right to timber upon the land of another may be required to take it off after a reasonable time. Boults v. Mitchell, 15 Pa. 364, 371; Saltonstall v. Little, 90 Pa. 422, 35 Am. Rep. 683.

This land had all been cut over before Mrs. Wade purchased it. Having once exercised the right of taking off the timber, it is a fair presumption that the party holding the reservation took all that he regarded as coming within the terms of his reservation.

PER CURIAM:

The learned judge gave due effect to the agreement, reserving the pine and hemlock trees growing on the land. It applied to living trees, then of suitable size for use.

A person having a right to cut and remove timber growing on the land of another may be compelled to take it off after a reasonable time, under all the circumstances, or he will be presumed to have relinquished all right thereto. When one having a lien on goods sets up a claim hostile to the rights of the owner and wrongfully sells the entire property, he cannot set up the lien as a bar to an action against him, for his illegal act. We see no error in the charge nor in the answer to the point.

Judgment affirmed.