THE M. M. WALKER COMPANY, Appellant, v. THE DUBUQUE
  FRUIT AND PRODUCE COMPANY, JOHN CAR-
    TEGNEY and EDWARD MUNT.

**Factors:** LIEN. *Conversion.* A factor's lien for commission and advances is waived where, after having consented that the owner might sell the goods himself, and after learning of a sale by the latter, the factor made a sale to a third person, it appearing that both the owner and the purchaser secured by him expressed their willingness to pay the factor's charges, since the sale by the factor, under such circumstances, amounted to a conversion of the goods.

RULE APPLIED. A fruit grower consigned to defendant four cars of apples. The defendant agreed to sell them for ten per cent commission, paid the freight and advanced the shipper $100.00 thereon. Defendant failed to sell the apples quickly, the shipper induced it to advance another $100.00, and it was agreed he might sell to some one else. Acting upon the agreement the apples were sold to plaintiff, with whose agent the shipper went to the office of the defendant, demanded the apples, and offered to pay all charges, advances and commission thereon. Defendant's agent at first agreed to the arrangement, but subsequently refused to deliver the apples. Subsequently, on the same day, defendant informed the shipper that the apples had been sold to a teamster in their employ, who gave his individual note for the purchase price The teamster was joined as defendant in replevin, against defendant, to recover possession of the apples. A verdict was directed for defendant. *Held,* that defendant had no right to sell the property, after it was notified of the sale to plaintiff, and after the offer to pay all charges against the property, and a sale by it amounted to a conversion.

JURY QUESTION. The case should have gone to the jury on the question of waiver of the lien and the sufficiency of the tender.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

MONDAY, OCTOBER 10. 1898.

ACTION of replevin to recover possession of seven hundred and sixty-seven barrels of apples. The court directed

a verdict for defendants, and plaintiff appeals. The facts will appear in the opinion.—*Reversed.*

*Gibbs & Dohs* and *D. E. Lyon* for appellant.

*Matthews & Barnes* for appellees.

Deemer, C. J.—H. M. Scott is a fruit grower residing in the state of New York. In the year of 1896 he consigned to the Dubuque Fruit & Produce Company, which is a corporation engaged in the commission business in the city of Dubuque, four cars of apples to be sold on commission. The company advanced him one hundred dollars, paid the freight upon the apples and agreed to sell them for ten per cent. commission. For some reason, not material, however, to the issues presented, the defendant company did not sell the apples as rapidly as Scott anticipated; and he, becoming dissatisfied with the manner in which they were being handled, came to Iowa, and endeavored to sell them to the produce company. Failing in this, he induced the commission company to advance him another one hundred dollars; and the evidence tends to show that, after this advancement was made, the manager of the commission company gave Scott the names of various dealers in the city of Dubuque, and agreed that he might sell them to some one else. Acting upon this agreement, Scott went forth, and quickly sold the apples to the M. M. Walker Company. With an agent of this latter company, Scott went to the office of the produce company, and both he and an agent of the Walker Company demanded the apples, and agreed to pay all advancements, charges, and commissions. The agent of the produce company consented to this arrangement; but, as Scott and the representative of the Walker Company were leaving the store, the agent of the produce company changed his mind, and declared that he would not deliver them. Neither Scott nor the agent of the Walker Company knew the amount of the produce company's charges, but they offered and agreed to

pay whatever sum was due, and the produce company made no objection to the offer. This refusal on the part of the produce company to turn over the goods occurred some time in the morning of the eighteenth day of December, 1896. In the afternoon of that day, Scott again visited the produce company, and was then informed that the apples had been sold by that company to a man by the name of Cartegney. The evidence tends to show that this man was in the employ of the produce company as a teamster, and that he gave his individual note for the purchase price. Cartegney is made a party to this suit, and it is claimed the sale to him was without authority, fraudulent, and void. The trial court directed a verdict for the defendants, upon the theory that the produce company had a lien upon the property for advances made and charges paid, and that there was no evidence that such charges or advances had been paid or tendered before the commencement of the action.

That the produce company had a lien for all proper advancements, charges, and commissions is conceded; but it is claimed that it so conducted itself that it has waived its lien. The rule seems to be that if a factor voluntarily parts with the possession of the goods, pledges them for his own debt, or suffers them to be attached, his lien is lost, and the owner may recover them notwithstanding the lien. The lien is personal to the factor, and no one can assert it save the factor himself. *Holly v. Huggeford,* 8 Pick 73. This is upon the principle that one having a lien may waive it by claiming to own the property absolutely, or by doing any other act inconsistent with his right to a lien, and refusing to deliver the goods to the owner. See *Andrews v. Wade* (Pa.) 6 Atl. Rep. 48. Again, it has been held that if one having a right to a lien fails or refuses to disclose the full amount, and it cannot reasonably be presumed to be within the knowledge of the owner, so that he may make a tender of the true amount, the lien is deemed to have been waived. *Thatcher v. Harlin,* 2 Houst. (Del.) 178;

*Holbrook v. Wight,* 24 Wend. 169; and other cases cited. in *Munson v. Porter,* 63 Iowa, 456.

The produce company had no right to sell the property after it had been notified of the sale to Walker, unless such sale was necessary to the enforcement of its lien. And, as' both appellant and Scott stood ready to pay the charges, the sale to Cartegney was without authority, and amounted to a conversion of the goods. The factor's lien was thereby extinguished, and plaintiff was entitled to recover. See *Holbrook v. Wight, supra; Kilpatrick v. Dean* (City Ct. N. Y.) 3 N. Y. Supp. 60; Id. (Com. Pl.) 4 N. Y. Supp. 708; *Davis v. Bigler,* 62 Pa. St. 242; *Andrews v. Wade,* ·*supra.* We have already discovered evidence tending to show that neither Scott nor appellant knew of the amount of the produce company's claims for charges and commissions; that they offered to pay what was due; and that the refusal of the defendant to deliver was not due to the insufficiency of the tender, or to the medium of payment, but to the claim that the produce company had sold the goods to one of its employes. This tends to show not only a waiver of the lien, but a waiver of the statutory tender as well. See *Auxier v. Taylor,* 102 Iowa, 673, and cases cited. *Judah v. Kemp,* 2 Johns. Cas. 411; Jones on Liens, section 1019, and cases cited; *Selby v. Hurd,* 51 Mich. 1 (16 N. W. Rep. 180).

The evidence adduced tended to show that the sale to Cartegney was without authority and fraudulent, and we think the case should have gone to the jury on the question of waiver of lien, and as to the sufficiency of the tender made by appellant.—Reversed.