FERGUSON *v.* ARTHUR.[1]

1. CONTRACTS—SALE OF TIMBER—REMOVAL—REASONABLE TIME—PAROL EVIDENCE.

Where a written contract for the sale of standing timber is silent as to the time for its removal, a reasonable time will be implied, and parol evidence is inadmissible to show that a specific time was agreed on.

2. SAME—PASSING OF TITLE—REPLEVIN.

Where defendant contracted in writing to sell to plaintiff all the hemlock timber on certain land for a specified price per M., payable according to the scale bills on the sale of the property by plaintiff, and plaintiff entered upon the land pursuant to the contract, he became vested with the title to the timber; and, defendant having cut and removed a portion of it before the expiration of the reasonable time allowed plaintiff for that purpose by the terms of the contract, plaintiff could maintain replevin for the timber so removed.

Error to Ogemaw; Sharpe, J.    Submitted October 10, 1900.    Decided October 1, 1901.

Replevin by James Ferguson against Amelia Arthur. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff and defendant entered into the following contract:

"This contract, made this 26th day of July, 1897, between Amelia Arthur, party of the first part, and James

[1] Rehearing denied November 4, 1901.

Ferguson, party of the second part, witnesseth as follows, to wit: The party of the first part agrees to sell to the party of the second part all the hemlock timber standing and down on the east half of the northeast quarter of section eight, town twenty-one, range one east. The party of the second part agrees to pay the party of the first part fifty cents per one thousand feet when the party of the second part receives remittances and scale bills from the party he sells to."

During the winter following, plaintiff entered upon the lands, and cut and removed 90,000 feet of timber. Defendant, claiming that plaintiff had not complied with the contract in removing the balance of the timber, afterwards entered into possession, and cut the logs in controversy, which the plaintiff replevied. Upon the trial he recovered verdict and judgment.

*Merrie H. Abbott* and *Charles S. Abbott*, for appellant.

*Ross & Harris*, for appellee.

GRANT, J. (*after stating the facts*). 1. The contract, being silent as to time, provided for a reasonable time for performance on the part of the plaintiff. It was therefore incompetent for defendant to show that any specific time was agreed upon. This would be in violation of the terms of the contract. *Stange* v. *Wilson*, 17 Mich. 342. The ruling of the court in this regard was correct.

2. The court instructed the jury, in substance, that, by the terms of the contract, the title to the timber had passed from the defendant to the plaintiff, and that, if plaintiff had failed to remove it within a reasonable time, he could not recover; but, if he had not had reasonable time in which to remove it, he was entitled to recover. We think the court correct in holding that the title to the timber had passed. See *Whitcomb* v. *Whitney*, 24 Mich. 486. Upon the execution of the contract, all the delivery which was possible was made. The plaintiff entered upon the land, and took all the possession possi-

ble to take. The defendant had nothing more to do. The price was fixed, and the amount was to be determined by the scale bills made when plaintiff had sold the property. The entire dominion and control over the subject-matter of the contract was, by its terms, lodged in the plaintiff. Whether the title revested in the defendant upon the failure of the plaintiff to remove the timber within the reasonable time provided by the contract is not before us, and is not argued by counsel. The instruction that, if plaintiff had failed to remove it within a reasonable time, he could not recover, and the converse of the proposition, were as favorable instructions as the defendant was entitled to.

Judgment affirmed.

The other Justices concurred.