HURON LAND CO. *v.* DAVISON.[1]

1. VENDOR AND PURCHASER—RESERVATION OF TIMBER—CONSTRUC-
TION.
   Where one sells land, reserving the timber thereon, the reser-
   vation is of trees then suitable for use as timber.

2. SAME—TIME OF REMOVAL.
   Where, in such case, nothing is said as to time of removal, the
   timber must be removed within a reasonable time.

3. SAME—FORFEITURE—NOTICE.
   But a failure to remove the timber will not defeat the reserva-
   tion and give title to the grantee, unless the grantor has had
   notice to remove, and a reasonable time to comply.

Error to Alpena; Emerick, J. Submitted April 8,
1902. (Docket No. 15.) Decided June 17, 1902.

Trover by the Huron Land Company, Limited, against
Samuel A. Davison. From a judgment for part of its
claim, plaintiff brings error. Affirmed.

Plaintiff became the owner of certain lands by deed from
George N. Fletcher, executed November 7, 1885. The
deed, after the granting clause, contains the following
words: "Reserving all pine and hemlock timber." The
deed was silent as to time for removal. On March 1,
1900, the executors of Mr. Fletcher's estate sold to defend-
ant "all the hemlock timber, down, standing, and cut into
logs," on said land. Defendant cut and removed some
hemlock timber, cedar, and basswood, whereupon plaintiff
brought this action of trover to recover the value. The
court directed a verdict for the plaintiff for the value of
the cedar and basswood, and for the defendant as to the
hemlock timber.

---

[1] Rehearing denied January 5, 1903.

*H. K. Gustin* (*B. M. Thompson*, of counsel), for appellant.

*Joseph H. Cobb* and *Charles R. Henry*, for appellee.

GRANT, J. (*after stating the facts*).   Defendant insists that this clause of the deed was an exception, not a reservation, and that the title to the timber remained in Mr. Fletcher and his grantees.   It is immaterial whether this be called an exception or a reservation.   Mr. Fletcher sold the fee of the land, reserving certain timber standing thereon.   This clause did not give him the right to deprive his grantee of the use of the land so long as he saw fit to let the reserved timber stand.   The timber reserved was the timber then having a market value and suitable for use; *i. e.*, large enough for use as timber.   It did not reserve trees then growing and not large enough for timber, but which would be large enough in the course of 15 or 20 years.   To hold otherwise would give the grantor the exclusive control of the land, except as to the timber not reserved.   It seems unreasonable that such language should be construed into a permanent right to enter at any time in the future and cut and remove the timber.   Where the timber alone was sold, and nothing said as to time of removal, we held that it must be removed within a reasonable time.   *Ferguson* v. *Arthur*, 128 Mich. 297 (87 N. W. 259).   See, also, *Andrews* v. *Wade*, (Pa.) 6 Atl. 48; *Boults* v. *Mitchell*, 15 Pa. St. 371.   Where one sells land, reserving the timber for no other purpose than for removal, we see no good reason why the same rule should not apply. Where is the difference between selling timber to be removed, and selling the land, reserving the timber to be removed, so far as the question of time for removal is concerned?   The reason for the same rule in each case is apparent.   The language of the reservation gave the grantor the title to the timber, and the implied right to remove the same within a reasonable time.   Such a reservation is vastly different from the reservation or exception of minerals lying beneath the surface, which do not interfere

with the complete enjoyment of the property conveyed. A different rule might prevail as to mineral reservations. If defendant's theory be sustained, one who reserves the title to the timber could forever deprive his grantee of the use of the premises conveyed. Such an exception or reservation would be entirely repugnant to the grant, and would be held void. An exception or reservation of a portion of the realty for the purpose of removal, and which is situated upon the surface, is very different from an exception or reservation of something designed to remain permanently upon or under the land, and which is not repugnant to the grant.

Counsel for defendant cite and rely largely upon *Wait* v. *Baldwin*, 60 Mich. 622 (27 N. W. 697, 1 Am. St. Rep. 551), where, after the granting clause, are the words "excepting timber therein." If the language used on page 626 of the opinion received the approval of a majority of the court, it would seem to be decisive of this case *in* favor of the defendant, for it was there said:

"Such a right, where there are no words in the contract showing a limitation of the time of enjoyment, or within which it shall be exercised, is not revocable; nor can it be terminated at the will of the owner or grantee of the land, nor by notice to remove the timber in a reasonable time."

Two justices concurred in the result only, but whether they questioned this point or some other is not shown. Such opinions are not conclusive, unless the opinions show in what points the justices concur, and on what they dissent. It is evident that upon some points of the opinion the justices were evenly divided. We do not, therefore, feel bound by this language of the opinion.

It does not appear that any notice to remove the timber was given by the grantee to the grantor. The record contains no evidence that the grantee either said or did anything to indicate to the grantor that he desired possession of the land, and desired him to remove the timber. We think it was the duty of the grantee to so notify the grantor, and that the grantor was entitled to reasonable

time after such notice in which to remove it. *Andrews* v. *Wade* and *Boults* v. *Mitchell, supra.* The law will not permit the grantee in such a case to obtain the title to the reserved timber without notice to the grantor to remove it. The situation and circumstances may be such that the grantee is not prejudiced or injured by the standing timber. He cannot rest in silence under such circumstances, and thus defeat the reservation. The burden of proof was upon the plaintiff, and, having failed to show any notice, or the equivalent thereof, the judgment must be affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.