## HOUSTON OIL CO. OF TEXAS v. BOYKIN et al.

(Court of Civil Appeals of Texas. Galveston. Jan. 23, 1913. Rehearing Denied Feb. 13, 1913.)

1. LOGS AND LOGGING (§ 3*)—STANDING TIMBER—CONVEYANCE.

A deed reciting that defendant has bargained and sold to L. all the merchantable pine timber growing on certain land, and that L., his heirs and assigns, shall have liberty to go upon the said land to cut the trees, and to carry the same away as shall be convenient to him, is a conveyance of personalty, and the timber must be removed within a reasonable time, or it will revert back to the grantor.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

2. LOGS AND LOGGING (§ 3*)—STANDING TIMBER—SALE—FAILURE TO CUT IN REASONABLE TIME.

In a suit by a purchaser of standing timber to enjoin the owner of the land from cutting such timber, evidence that the purchaser waited 11 years before cutting the same held to show that the purchaser had not cut the timber within a reasonable time as required by his contract, and that it had reverted.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Suit by the Houston Oil Company of Texas to enjoin B. Boykin and others from cutting timber. Judgment for defendants, and plaintiff appeals. Affirmed.

Hightower, Orgain & Butler, W. H. Davidson, all of Beaumont, and H. O. Head, of Sherman, for appellant. Blake & Williams, of Jasper, for appellees.

McMEANS, J. On May 24, 1900, Jake Norsworthy, Cyrus Boykin, and his wife, Malinda, and Alfred McFarlane and his wife, Paralee, sold to August Lindstrom all the merchantable pine timber then standing and growing upon 225 acres of land; and on the same date Anthony McFarlane sold to said Lindstrom all of such pine timber then standing or growing upon 50 acres of land. In the year 1911 appellee B. Boykin began cutting the timber in question for the purpose of opening a farm on the land, whereupon the ap-

pellant, to whom the title acquired by Lindstrom had passed, brought this suit against him, seeking to enjoin the further cutting of the timber, and to recover damages for that already cut. A trial before the court without a jury resulted in a judgment for defendant, the court holding, in effect, that the timber was conveyed as personal property, and that by the terms of the conveyance appellant was required to remove the timber within a reasonable time, and that a reasonable time for such removal had expired. From this judgment appellant has prosecuted this appeal.

[1] The deed from Jake Norsworthy and others conveying the timber to Lindstrom is in part as follows: "In consideration of the sum of $400.00 to them paid by August Lindstrom, has bargained and sold to said Lindstrom all of the merchantable pine timber now standing and growing upon two hundred and twenty-five acres of land in Jasper county, part of the Edward Good headright league (here follows description of the land) and the said (Grantors) agree that the said Lindstrom, his heirs, executors and assigns shall have liberty to go upon the said land to cut and fell said trees and to carry the same as shall be convenient to him." The conveyance by Anthony McFarlane to Lindstrom of the timber on 50 acres in part reads: "In consideration of $50.00 to him in hand paid by August Lindstrom, have bargained and sold to August Lindstrom all of the merchantable pine trees now standing and growing upon 50 acres of land in Jasper County, part of the Edward Good headright league. [Here follows description of the land.] And the said Anthony McFarlane agrees that the said August Lindstrom, his heirs and assigns, shall have liberty to go upon said land to cut and fell said trees and carry the same away in such manner as shall be convenient to him."

The principal question presented upon this appeal arises upon the construction of the instruments conveying the timber, the appellant contending that the deeds passed the absolute title thereto, and are not susceptible to the construction placed upon them by the court that the removal of the timber within a reasonable time was required, and upon failure to do this the title thereto reverted to the owner of the soil. We do not agree with appellant's contention that the deeds conveyed the timber as an interest in the land and in fee simple forever, like the conveyance under consideration by our Supreme Court in the case of Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803. We think the intention of the parties, as gathered from the entire instrument, was to convey the timber as personalty, and it was clearly contemplated that the grantee or his assigns should sever and remove it from the land. No time being fixed in the deeds in which this severance must be made, the law implies a reasonable time was intended, and appellee could claim a forfeiture of appellant's right to cut and remove the timber by alleging and proving that a reasonable time had elapsed. Beauchamp v. Williams, 115 S. W. 130; Montgomery County, etc., v. Miller Vidor Lumber Co., 139 S. W. 1020; Carter v. Clark, etc., Lumber Co., 149 S. W. 278; Morris v. Sanders (Ky.) 43 S. W. 735. As a reasonable time for the removal of the timber had expired at the time this suit was brought, the timber had reverted to the owners of the soil, and appellant was not entitled to recover it.

[2] The fifth and sixth assignments complain that the court erred in holding that a reasonable time for the removal of the timber had expired at the time of the institution of this suit. Both of these assignments are submitted as propositions, and, in addition thereto, we have the following: "The uncontradicted evidence shows that, not only the Kirby Lumber Company has the exclusive right to the timber, to be paid for when cut and removed, and that it is cutting the Jasper county timber as rapidly as possible and that appellant is and always has been without means of cutting the same, but also shows that the Kirby Lumber Company is exercising its rights and duties, and executing them as rapidly as it can in the fulfillment of its contract under which it has until 1925 to complete such removal; the court erred as a matter of law in holding that a reasonable time under the circumstances had expired within which to remove said timber." In support of its assignments and propositions, appellant relies on the evidence contained in the following statement: "The following admission was made on the trial: 'It is admitted by plaintiff and defendant that the Houston Oil Company of Texas is under contract with the Kirby Lumber Company for all of its timber in Jasper county, by which the company is to receive five dollars per thousand feet for said timber to be removed on or before 1925 and to be paid for as cut by them.' George W. Rawls testified as follows: 'No, sir; the Houston Oil Company of Texas is not in business of manufacturing lumber, and has no mills in Jasper county or elsewhere that I know of. They have no facilities for manufacturing of timber except their contract with the Kirby Lumber Company, and have no trams that I know of. I would suppose the closest mill they have got to this stuff at present is at Browndell. It must be on a straight line something like 10 or 11 miles. The Kirby Lumber Company, I would say, are cutting the timber off as fast as they reasonably can get to it.'" The court in support of his finding that a reasonable time within which to remove the timber had elapsed found that the appellee was a farmer and lived on the land, and that he began cutting the timber preparatory to clearing the land as a farm; that the land lies with-

in 3½ miles from a railroad, and the same distance from the town of Jasper; that there had been a sawmill at Jasper nearly three years; that the local demand for lumber would have consumed the timber on the land if it had been manufactured by a mill built for that purpose, or that it could have been hauled from a mill on the land to the railroad and shipped; that a sawmill was constructed in 1907, 3½ miles from the land, and its owners offered to buy from defendants the timber on the land and remove it at once. These findings, which are not attacked by appellant, when taken in connection with the facts that the conveyances under which appellant claims were executed in 1900, and that this suit was not filed until eleven years afterward, and that in the interim the grantee nor any one claiming under him had undertaken to remove the timber, amply justified the finding of the court complained of, and the assignments raising the point are overruled.

We have examined all the assignments urged by appellant, and are of opinion that none of them presents reversible error. The judgment of the court below is therefore affirmed.

Affirmed.