[No. 15456.  Department Two.  December 5, 1919.]

A. W. MORGAN et al., Respondents, v. VENESS LUMBER COMPANY, Appellant, MICHIGAN TRUST COMPANY et al., Defendants.[1]

LOGS AND LOGGING (1)—SALE OF STANDING TIMBER—TIME FOR REMOVAL. A sale of standing timber, with the right to enter from date of the deed until the timber may be cut and removed, requires its removal within a reasonable time; and where it was reasonably convenient to log the land at the date of sale, there was a ready market for logs, and the land was chiefly valuable for agricultural purposes, a finding that twelve years was not a reasonable time is unwarranted.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered January 13, 1919, upon findings in favor of the plaintiffs, after a trial to the court and a jury, in an action for equitable relief. Affirmed.

*Hayden, Langhorne & Metzger,* for appellant.
*Forney & Ponder,* for respondents.

TOLMAN, J.—On August 17, 1906, respondents sold and, by written instrument, conveyed all of the timber, except certain cedar, on certain described real estate in Lewis county to one Hill.  The deed of conveyance was somewhat informal; was verified instead of being acknowledged, and the portion which is material here reads as follows:

"Together with the rights to enter upon said lands from the date of this instrument until said timber may be removed, to cut and remove said timber, also the right to build all necessary roads and have camp privileges for the removal of said timber.  Whenever the party of the second part gets the timber removed from the above described land then he shall have no further rights or privileges on said lands."

[1]Reported in 185 Pac. 607.

In September following, written additions were made to the contract as follows:

"1st.   The ten acre tract exceptions mentioned on line 17 and 18 is intended and understood to be in the northeast corner of the northeast quarter (¼) of said lands.

"2nd. ᴏ It is also understood and agreed by and between A. W. Morgan, Julia A. Morgan, parties of the first part, and J. D. Hill, party of the second part, that the said party of the second part shall have a right of way across said lands to haul all timber bought in the neighborhood."

which were duly acknowledged, and the contract as thus completed was filed for record October 1, 1906.

Hill conveyed his rights under this contract to appellant in November, 1911. None of the timber having been removed, respondents, on February 18, 1918, began this action, alleging in their complaint the facts heretofore stated, and that the lands involved are valuable for agricultural and pasturage purposes, and valueless to plaintiffs until the timber is removed; that the main inducement for the sale was to have the timber removed within a reasonable time; that it was the intent of all parties that it should be so removed, and because thereof the price to the purchaser was greatly lessened from what it otherwise would have been; that such reasonable time had elapsed and that repeated demands for such removal had been made, all of which had been ignored and compliance therewith refused; that, because thereof, the title to the timber had reverted and the rights of the defendant have been forfeited, and pray for a judgment establishing the forfeiture and quieting plaintiffs' title to the timber united with the land.

A general demurrer to the complaint was interposed and overruled, after which issues were raised by answer and reply, and the case proceeded to trial before

the court with a jury sitting in an advisory capacity. In due time the court submitted to the jury certain interrogatories, which, together with the answers of the jury, are as follows:

"(1) How much timber, approximately, do you find is situated on this land? Approximately 2 to 2½ million ft.

"(2) How far is the nearest part of this land from the Cowlitz river? About ⅞ of a mile.

"(3) Would it have been reasonably convenient for any practical logger, using the customary appliances and facilities ordinarily used at the date of the sale to Hill in like logging operations, to have logged this timber into the Cowlitz river? Yes.

"(4) Was there a market for such timber as the timber in question on the Cowlitz or Columbia rivers during the period from the date of the timber deed to Mr. Hill and the date when this action was brought? Yes.

"(5) What is the character of the surface of the land on which this timber is situated, whether rugged and broken or comparatively smooth? Rough, rolling land from brow of hill south. Comparatively level land from brow of hill north.

"(6) Would this land be valuable for agriculture and pasturage purposes after the timber was removed? Yes.

"(7) Is this land of any considerable value to plaintiffs with the timber remaining thereon? No.

"(8) Is the land of such a character that it could be logged at any season of the year? Yes.

"(9) How long would it have required a reasonable, practical logger, using the customary appliances and facilities ordinarily used in like logging operations in that vicinity, to have removed this timber? From 3 to 6 months.

"(10) Has a reasonable time elapsed for the defendant, J. A. Veness Lumber Company, and its predecessor in interest, Hill, to have removed the timber in controversy at the time of the commencement of this action on February 18, 1918? No."

The trial court thereafter made findings of fact and conclusions of law in which he adopted the first nine findings of the jury and rejected the tenth, and a judgment followed establishing respondents' title to the land and timber in accordance with the prayer of their complaint, excepting only a right of way to all timber bought in the neighborhood.

Bringing the case here on appeal, appellant assigns as error the overruling of the demurrer to the complaint, and also raises the point that, under all of the evidence, the judgment should have been for the defendant in accordance with the tenth finding of the jury.

Appellant contends for the application of the rule of strict construction of the deed against the grantors, and argues that, though the deed is silent as to the time within which the timber shall be removed, the contract as worded will not justify the usual conclusion that it was to be removed within a reasonable time; but, on the contrary, if strictly construed, the words used show an intention to permit the grantee to remove the timber at his pleasure, without regard to time. This rule is stated in 8 R. C. L. 1051:

"A deed is construed most strongly against the grantor and in favor of the grantee. This rule has been called one of the most just and sound principles of the law, because of the fact that the grantor selects his own language, and it is statutory in some jurisdictions, as where the statute provides that grants shall be construed like contracts, and contracts shall be construed against the person responsible for any uncertainty. If, therefore, the deed can inure in different ways, the grantee, it is said, may take it in such way as will be most to his advantage. But it has been held that the rule of favor is the last one which courts apply, and ought never to be resorted to so long as a satisfactory result can be reached by other rules of analysis and construction."

The same authority, at page 1038, says:

"In applying the rule of intention, the courts will so construe a conveyance as to give effect to the intention of the parties rather than defeat such intention by a strict technical construction of the form of conveyance adopted or of the words used therein, the estate intended to be conveyed being the main thing, and the conveyance only the instrument by which the transfer is effected; and where the intention of the grantor clearly appears from the face of a deed, effect must be given thereto, however unusual the form of the deed, unless the repugnancy in its clauses is such as to render the deed utterly void."

The deed under consideration was evidently drawn by a person but little conversant with such a task, as is evidenced by the language employed and the verification ,in place of. an acknowledgment; but notwithstanding that fact, the intent of the parties seems plain, and from the instrument itself and the circumstances surrounding the parties at the time it was made, as pleaded, we are convinced that it falls far short of granting the right of removing the timber at the pleasure of the grantee, but, on the contrary, the trial court correctly applied the rule of reasonable time, and properly overruled the demurrer.

It is generally held that, unless the deed clearly manifests an intention on the part of the grantor to convey a perpetual right to enter upon the land and remove the timber, the purchaser will be allowed only a reasonable time for such removal, and what is a reasonable time is a question of fact dependent upon the circumstances of each case. 25 Cyc. 1553; *Young v. Camp Mfg. Co.*, 110 Va. 678, 66 S. E. 843; *McRae v. Stillwell*, 111 Ga. 65, 55 L. R. A. 513; *Houston Oil Co. v. Boykin* (Tex. Civ. App.), 153 S. W. 1176; *Eastern Kentucky Mineral & Timber Co. v. Swann-Day Lumber Co.*, 148 Ky. 82, 146 S. W. 438, 46 L. R. A. (N. S.) 672; *Liston*

*v. Chapman & Dewey Land Co.,* 77 Ark. 116, 91 S. W.
27; *Carson v. Three States Lumber Co.,* 108 Tenn. 681,
69 S. W. 320; *Fletcher v. Lyon,* 93 Ark. 5, 123 S. W.
801; *Ferguson v. Arthur,* 128 Mich. 297, 87 N. W. 259.

We have carefully read and considered the evidence,
and, in our judgment, it fully justifies the first nine
findings of the jury and the findings and conclusions of
the trial court; that the demand, if demand be neces-
sary, was ample, and that the necessary elements of
estoppel were not established.

There being no error, the judgment is affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES,
JJ., concur.