11783.   FLORENCE, PHILLIPS & COMPANY v. NEWSOME.

1. In a sale of timber growing on a described tract or parcel of land, where the deed or contract of sale expressly provides for its removal "at any time," an estate in fee passes to the vendee, with such an interest in the soil as will be sufficient for its growth, although the fee in the soil remains in the vendor; and such an estate is not terminated and forfeited by the failure of the vendee to remove the trees in a reasonable time. North Georgia Co. v. Bebee, 128 Ga. 563 (57 S. E. 873). But . where such a conveyance or contract is silent as to the time within which the timber shall be removed, an implication arises that such right is to be exercised within a reasonable time from the date of the sale; and on failure so to do, the interest of the vendee in the timber ceases. McRae v. Stillwell, 111 Ga. 65 (1 (a) ) (36 S. E. 604, 55 L. R. A. 513); Goette v. Lane, 111 Ga. 400 (36 S. E. 758); Shippen Brothers Lumber Co. v. Gates, 136 Ga. 37(1) (70 S. E. 672); Mills v. Ivey, 3 Ga. App. 557(2) (60 S. E. 299). In such a case, what amounts to a reasonable time is a question of fact for the jury, to be decided in the light of all the facts and circumstances of the transaction. Allison v. Wall, 121 Ga. 822 (49 S. E. 831); Branch v. Johnson, 9 Ga. App. 699, 700 (71 S. E. 1123), and cases cited supra.

2. When a person has assumed a certain position in a litigation, and has succeeded in maintaining it through a judgment or decision of the court, or through the acquiescence of the opposite party, to the detriment of that party, he will not be permitted to assume a contrary position in a subsequent suit between them relating to the same subject-matter. Haber-Blum-Bloch Hat Co. v. Friesleben, 5 Ga. App. 123 (62 S. E. 712); Luther v. Clay, 100 Ga. 236 (28 S. E. 46, 39 L. R. A. 95); Davis v. Waklee, 156 U. S. 689 (15 Sup. Ct. 555, 39 L. ed. 578); Civil Code (1910), § 5736. Thus, where, under a suit on a contract, the plaintiff obtains a judgment or relief amounting to an adjudication in his favor, and is afterwards himself sued for a subsequent breach upon his own part of the same contract, he cannot be heard to deny the essential terms of the contract, as pleaded in the former petition and under which he recovered. In the instant case, however, this principle does not have proper application, for the reason that the specific allegation

contained in the former petition, upon which the present plaintiffs now rely as establishing one of the terms of the original contract, was not so pleaded in the former suit, and the trial judge was therefore correct in holding that the doctrine of estoppel did not apply, but properly allowed the previous allegations to be considered by the jury as in the nature of a possible admission, shedding light in this way upon the question as to what constituted the true agreement in respect to the feature of the contract now in dispute. *Printup* v. *Patton,* 91 *Ga.* 422 (18 S. E. 311); *Lamar* v. *Pearre,* 90 *Ga.* 377 (17 S. E. 92); *St. Paul Fire Ins. Co.* v. *Brunswick Grocery Co.,* 113 *Ga.* 786 (2) (39 S. E. 483); *Sons & Daughters of Job* v. *Wilson,* 4 *Ga. App.* 235 (1) (61 S. E. 134); *Tison* v. *South Ga. Ry. Co.,* 8 *Ga. App.* 91 (2) (68 S. E. 651); Civil Code (1910), § 5775-6.

3. The jury in the instant case having been authorized to find that the original contract of sale did not provide that the vendee was privileged to remove the timber at any time, and the trial judge having fairly submitted to the jury the question as to what amounted to a reasonable time under the facts and circumstances of the present case, and their verdict in favor of the defendant being authorized by the evidence, the court did not err in refusing the grant of a new trial.

DECIDED MARCH 16. 1921.

Complaint; from Jefferson superior court — Judge Hardeman. June 28, 1920.

*M. C. Barwick,* for plaintiffs in error. *J. R. Phillips,* contra.

JENKINS, P. J. In 1909, Florence, Phillips & Company orally contracted with J. T. Newsome for the purchase of certain pine timber for $600. The purchasers paid $400 on the agreed price. They cut and removed most of the timber in 1909, and then moved their sawmill from Newsome's premises. In June, 1912, Newsome filed suit against the purchasers for $200 balance due on the purchase-price. Paragraph 3 of his petition was as follows: "That during the early part of the year 1909 two of the members of the said firm, viz. James Florence and S. M. McNair, came to petitioner's home and contracted with him to buy and did buy from him a certain lot of pine timber, consisting mostly of original forest or long-leaf pine timber and partly of short-leaf pine timber. That since said contract was made, defendant has cut from the land, sawed into lumber, and hauled away the greater part of said timber, and the defendant has had free access at the timber now uncut, and could have cut it at almost any time since the summer of 1909, and now is at liberty to cut it at any time it may so desire." The record does not show what were pleadings of the purchasers in defense to the for-

mer suit, or that the cause was terminated by any judgment. It merely appears to have been compromised or adjusted in some way by the parties without going to judgment. In October, 1918, Florence, Phillips & Company brought the present suit against Newsome for $500 damages, alleging that he had refused and still refused to allow them to enter his land and cut the remaining timber. The petition expressly pleads and relies upon the alleged contract as set forth by Newsome in his former suit against them, as above quoted. The gist of Newsome's defense was, that, since the contract of sale did not provide when the timber was to be removed, the plaintiffs were required to cut and remove it within a reasonable time; which they had failed to do. The jury found for the defendant. The court denied a motion for new trial.

Error is assigned because, in admitting in evidence as an admission the 3d paragraph of Newsome's former petition, the court limited the jury's consideration of this evidence to the sole purpose of establishing the fact that timber was sold by Newsome. Upon this the court ruled as follows: " I am admitting it because it is admissible for one purpose only. It is admissible solely as a declaration upon the part of the defendant in this action that he sold some timber. Whether or not he sold this timber I do not know. It has probative value solely as a declaration upon the part of the defendant here that he sold some timber to these plaintiffs. It is not binding upon anybody. It is not an estoppel. The declaration he may have made in that suit is admissible for that purpose." Counsel for the plaintiffs thereupon agreed to such restriction by stating: " That is what we are offering it for. If it had never gone to judgment or been tried, if it is shown to have been drawn at Mr. Newsome's instance, it is admissible. Its only probative value is to establish the one disputed issue here. Any declaration, statement, written court record, or anything else that is any suggestion at all or intimation that there was a contract between the parties, is admissible for the purpose of establishing the contract. " Error is also assigned on the court's charge with reference to this evidence: " I merely tell you that the suit that Newsome brought against the plaintiff in this case could not be construed as alleging that the contract was that they might cut the timber at any

time. That suit is admitted in evidence to the jury solely for the purpose of letting it have such probative effect as it might have as to the issue in the case as to whether or not Newsome actually sold the timber to the plaintiffs or not. You will look to the other evidence in the case to determine the terms and stipulations in the contract as to when the timber was to be cut, and not to that declaration." Immediately following the language complained of in the final sentence quoted, the court, however, further said: "You may consider everything in that petition as bearing and shedding light upon that issue, as to whether he should cut it within a reasonable time, indefinite time, or at any time, but that language is not an express allegation or admission that that was the original contract between the parties." Error was assigned also "because all of the evidence offered on behalf of" Newsome "is insufficient to carry the burden imposed upon him by law of showing that" they "did not offer to cut the timber within a reasonable time."

It is not necessary to add anything further to the rulings stated in the headnotes.

*Judgment affirmed.* *Stephens and Hill, JJ., concur.*