[No. 23127. Department One. July 21, 1931.]

ROSY NELSON, *Appellant*, v. A. M. McKINNEY *et al.,* *Respondents.*[1]

*O. A. Tucker* and *P. C. Kibbe,* for appellant.

*Ponder & Ponder,* for respondents.

MAIN, J.—The plaintiff brought this action to quiet title to a certain eighty acres of land, including the

[1]Reported in 1 P. (2d) 876.

standing timber thereon, located in Lewis county, this state. The defendant Menasha Woodenware Company, a corporation (which will be referred to as though it were the only party defendant), in its answer asserted title to the standing timber, with the right to enter, cut and remove the same.

After the action was instituted, and prior to the trial, the parties entered into a stipulation whereby the defendant, upon depositing in the registry of the court three thousand five hundred dollars, could sell the timber and have it cut and removed. The money was paid into the registry of the court, the timber was cut and removed from the land, and the litigation proceeded to determine which party was entitled to the money. This depended upon which one was the owner of the timber at the time the action was instituted. The trial was to the court without a jury, and resulted in a judgment to the effect that, at the time the action was instituted, the defendant was the owner of the timber, with the right to enter, cut and remove the same, and awarding it the three thousand five hundred dollars which had been paid into the registry of the court. From this judgment, the plaintiff appeals.

The facts necessary to present the questions to be determined may be stated as follows: March 23, 1907, A. M. McKinney and wife, being the owners of a certain quarter section of land in Lewis county, by warranty deed conveyed the west eighty acres thereof in fee to J. E. Leonard, and by the same instrument conveyed to him the standing timber upon the east eighty acres, with the right to enter, cut and remove the same, as provided in the deed. The deed recites that McKinney and wife grant, sell and convey to Leonard the following described property in Lewis county, state of Washington, to-wit:

"Lots numbered Three (3) and Four (4) of Section Eighteen (18) Township Thirteen (13) North of Range One (1) East of the W. M. And all of the standing and down timber of whatsoever kind or quality now being and situate and located on the East One-half (½) of the Southwest One-quarter (¼) of Section Eighteen (18) Township Thirteen (13) North of Range One (1) East of the W. M. And it is further covenanted and agreed to by and between all the parties to this instrument, their heirs, executors, administrators and assigns, that the said J. E. Leonard, his heirs, executors, administrators or assigns shall at all times have the right and privilege to go upon the above described lands for the purpose of inspecting, cutting or removing the timber thereon or any portion thereof, up to, and including one year from and after that certain date when all the timber shall have been cut and removed from the above described lands, to-wit: when the timber shall have been removed from Lots Three and Four of Section Eighteen Township Thirteen North of Range One East of the W. M."

Lots three and four referred to in the deed are the west eighty acres of the quarter section which was conveyed in fee.

The deed further recites that the agreed price for the fee title to the west eighty and to the timber on the east eighty was five hundred dollars, of which four hundred dollars was for the west eighty and "one hundred dollars for the standing timber" on the east eighty.

November 4, 1916, Leonard and wife conveyed the west eighty in fee to the Menasha Woodenware Company, a corporation, the respondent, and by the same instrument conveyed the timber on the east eighty, with the right to cut and remove the same within one year from the time the timber should be removed from lots three and four, or the west eighty.

November 23, 1918, the then owner of the east eighty conveyed the same "excepting the timber" to John

Pudelko and Rosy Pudelko, his wife. June 20, 1924, Mr. Pudelko conveyed his interest in the land to his wife, Rosy Pudelko, now Rosy Nelson, the appellant.

This action was brought on the theory that, under the language of the deed from McKinney and wife to Leonard, of which all parties had notice, the respondent had a reasonable time in which to enter, cut and remove the timber, and that more than a reasonable time had elapsed when the action was instituted. The theory of the respondent was that, by the language of the deed, it owned the timber, with a perpetual right to enter, cut and remove the same.

The first question to be determined is whether, by the language in the deed, it was incumbent upon the respondent to remove the timber within a reasonable time, or whether it had a perpetual right to do so. The general rule is that, unless the deed clearly manifests the intention on the part of the grantor to convey a perpetual right to enter upon the land and remove the timber, the purchaser will be allowed only a reasonable time, which is either a question of fact or a mixed question of law and fact.

In *Morgan v. Veness Lumber Co.,* 108 Wash. 674, 185 Pac. 607, it is said:

"It is generally held that, unless the deed clearly manifests an intention on the part of the grantor to convey a perpetual right to enter upon the land and remove the timber, the purchaser will be allowed only a reasonable time for such removal, and what is a reasonable time is a question of fact dependent upon the circumstances of each case. 25 Cyc. 1553; *Young v. Camp Mfg. Co.,* 110 Va. 678, 66 S. E. 843; *McRae v. Stillwell,* 111 Ga. 65, 55 L. R. A. 513; *Houston Oil Co. v. Boykin* (Tex. Civ. App.), 153 S. W. 1176; *Eastern Kentucky Mineral & Timber Co. v. Swann-Day Lumber Co.,* 148 Ky. 82, 146 S. W. 438, 46 L. R. A. (N. S.) 672; *Liston v. Chapman & Dewey Land Co.,* 77 Ark.

116, 91 S. W. 27; *Carson v. Three States Lumber Co.,* 108 Tenn. 681, 69 S. W. 320; *Fletcher v. Lyon,* 93 Ark. 5, 123 S. W. 801; *Ferguson v. Arthur,* 128 Mich. 297, 87 N. W. 259.''

In *Hendrickson v. Lyons,* 121 Wash. 632, 209 Pac. 1095, it is said:

''Parties may so frame their contract as to give the purchaser of timber an unlimited time for its removal; but if this be the intention, it must be clearly and definitely expressed. Such a conveyance has the effect of practically ousting the owner of the soil from its use and enjoyment, and the law will not presume this to be the intent of the parties, unless the contract of sale clearly requires such a conclusion. *Carson v. Three States Lumber Co.,* 108 Tenn. 681, 69 S. W. 320; *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645; *Healy v. Everett & Cherry Valley Tr. Co.,* 78 Wash. 628, 139 Pac. 609; *France v. Deep River Logging Co.,* 79 Wash. 336, 140 Pac. 361, Ann. Cas. 1916A 238.''

If standing timber is sold and conveyed by an instrument under which the purchaser has a reasonable time to remove it, and if it is not removed within such reasonable time, then the purchaser's right to the timber, together with his right to enter, cut and remove the same, ceases, and this without notice. *Bunch v. Elizabeth City Lumber Co.,* 134 N. C. 116, 46 S. E. 24; *Minshew v. Atlantic Coast Lumber Corp.,* 98 S. C. 8, 81 S. E. 1027. The case of *McFadden v. Allen-Nelson Mill Co.,* 150 Wash. 249, 272 Pac. 714, is not out of harmony with this rule, because, under the particular language of the contract there involved and the facts presented in that case, it was held that the contract could not be summarily terminated without notice. That case does not in fact, and does not purport to, depart from the rule stated to the effect that, if the timber is not removed within a reasonable time, the right thereto ceases.

Looking now to the particular language of the deed which is involved in the case before us, with the view of determining whether the parties thereto intended a perpetual right or a reasonable time, it will be observed that the purchaser had at all times the right to enter upon the east eighty for the purpose of inspecting, cutting or removing the timber therefrom up to and including "one year from and after that certain date when all the timber shall have been cut and removed" from the west eighty. The deed fixes no time when the timber shall be cut and removed from the west eighty, or that which was conveyed in fee to the respondent. If no definite time is fixed, it is the universal rule that a reasonable time is inferred.

The respondent says that, since it owned the west eighty in fee, it had a perpetual right to remove the timber therefrom, which, of course, is true. It does not follow from this, however, that the parties intended by the language used that the respondent should have a perpetual right to enter, cut and remove the timber from the east eighty. In stating that the timber from that eighty should be removed within one year from the time the timber was removed from the west eighty, the parties undoubtedly had in mind the fact of removal, and not the perpetual right which the owner in fee would have. If the latter had been the intention, much simpler language to that effect would, in all probability, have been used to set forth the intention of the parties. We think the proper construction of the language of the instrument is that a reasonable time was intended and not a perpetual right.

In each of the cases of *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645; *France v. Deep River Logging Co.,* 79 Wash. 336, 140 Pac. 361; *Houston Oil Co. of Texas v. Hamilton,* 109 Tex. 270, 206 S. W. 817; and *Cobban Realty Co. v. Donlan,* 51 Mont. 94, 149 Pac.

484, relied upon by the respondent, the word "forever" was used in the deed or contract being construed, and it was held that by the use of this word the parties intended a perpetual right. The word "forever" does not appear in the instrument now before us, and herein lies the distinction between those cases and this one.

In the case of *Healy v. Everett & Cherry Valley Traction Co.*, 78 Wash. 628, 139 Pac. 609, the word "irrevocable" was used, and this was construed to mean "forever."

The distinction between this case and the case of *Florence, Phillips & Co. v. Newsome*, 26 Ga. App. 501, 106 S. E. 619, is that in that case the language "at any time" is used generally, while in this case the language "at all times" is limited to within one year after the timber shall have been removed from the west eighty acres.

Since, as we view it, it was the intention of the parties, by the language used in the deed, that the timber should be cut and removed within a reasonable time, the next question arises whether a reasonable time had expired when the present action was begun. Approximately twenty-two years had elapsed between the date of the deed and the beginning of the action. Whether a reasonable time has elapsed must depend upon the facts and circumstances of the particular case, such as the location of the land and timber, the obstacles opposing and facilities favoring its removal, and any other attendant material fact and circumstance.

Without discussing the evidence in detail, but after having given it careful consideration, we are of the opinion that it was physically practicable to remove the timber long prior to the time the action was begun. The respondent was a corporation engaged in buying

and selling timber, but not in logging operations. It was commercially possible to sell the timber at a much earlier time than the beginning of the action, but, in all probability, at a less price than was obtained when it was finally sold. Only one hundred dollars, as appears by the deed, was paid for the standing timber, and it would seem that this should be taken into consideration, along with the other facts and circumstances, in determining what would be a reasonable time. So long as the timber remained upon the land, the appellant was deprived of the use of about fifty acres out of the eighty.

The trial court, while not making formal findings of fact and conclusions of law, this being an equity case, in a memorandum opinion stated:

"I have concluded to add, since I am not making findings, it being an equity case, that if this construction of the deed was not adopted and the court holds that the timber must be removed in a reasonable time after the purchase, that more than a reasonable time has elapsed and that plaintiff would be entitled to the timber at this time. It seems to me that from March, 1907, to the time of the commencement of this action, which I think was within the past year, is much more than a reasonable time in which to take off the said timber, if it was required to be removed. While it is true that the timber could be much more profitably removed by delaying until a railroad reached it, still I do not think that it was wholly impracticable to remove it before, and that approximately twenty-three years constituted more than a reasonable time."

The respondent argues that, in determining what is a reasonable time, the beginning date should be the date when respondent received title to the property, and not the date in 1907 when it was conveyed by McKinney and wife. While the deed by which the appellant and her then husband acquired title to the land excepts the timber, it contains no language expressly rec-

ognizing the rights of the appellant thereto, as was the case in *Ozan-Graysonia Lumber Co. v. Swearingen,* 168 Ark. 595, 271 S. W. 6, and *Liston v. Chapman & Dewey Land Co.,* 77 Ark. 116, 91 S. W. 27, relied upon by the respondent. We are in accord with the view of the trial court that more than a reasonable time had elapsed when the action was instituted, and we are also of the view that, in determining that time, the year 1907 should be taken into consideration, and that the deed to the appellant and her husband in 1918 did not constitute a new point of time, so far as the rights of the parties to this action are concerned.

The judgment will be reversed and the cause remanded, with directions to the superior court to enter a judgment awarding to the appellant the three thousand five hundred dollars which was placed in the registry of the court to await the termination of the litigation.

TOLMAN, C. J., MITCHELL, and MILLARD, JJ., concur.

HOLCOMB, J. (dissenting)—Not all the instrument of conveyance in question is set out in the majority opinion. Another pertinent and important part of it, is the granting clause, which, after naming the grantors and expressing the consideration, reads, ''do hereby grant, sell and convey to J. E. Leonard, a married man, his heirs and assigns forever, the following described property,'' then followed by the clause quoted by the majority.

With the granting clause so reading, I cannot construe the conditions following, nor agree to the inapplicability of the *Skamania Boom Co., Healy* and *France* cases, by this court, as do the majority.

As is said by the majority, approving the law pronounced in the *Hendrickson* case, ''Parties may so frame their contract as to give the purchaser of timber

an unlimited time for its removal," which must be clearly and definitely expressed. It is equally well settled that,

"A deed is to be construed so as to give force, effect and meaning to every portion of the instrument and carry out the real intention of the parties. If a deed admits of more than one construction, it must be construed most strictly against the grantor, and most favorably to the grantee." *Healy v. Everett & Cherry Valley Traction Co.,* 78 Wash. 628, 139 Pac. 609.

See, also, *McFadden v. Allen-Nelson Mill Co.,* 150 Wash. 249, 272 Pac. 714, and cases cited.

And, as was said in the *Skamania Boom Co.* case, *supra,* the real value and essence of the grant on the east half, was the timber.

The conveyance to Leonard was all in one instrument. He and his successors in interest, having a grant of the fee of the west half, had the *perpetual* right to remove the timber therefrom at will, forever. All subsequent grantees had the same right. Whenever they chose to exercise that right, and within one year after the removal of the timber from that west half, then the timber should be removed from the east half.

It seems clear to me that the terms of the instrument in this case fall within the terms of the instruments passed upon in the *Skamania Boom Co., Healy* and *France* cases, referred to by the majority, and that the judgment should be affirmed.

I therefore dissent.