[No. 28941.   Department Two.   May 1, 1943.]

EDWARD KALNOSKI, *Respondent*, v. CARLISLE LUMBER
COMPANY *et al., Appellants.*[1]

[1]Reported in 137 P. (2d) 109.

*C. D. Cunningham,* for appellants.

*John Panesko,* for respondent.

BEALS, J.—During the month of November, 1923, Michael Kalinoski and his wife, Josephine, for a valuable consideration, delivered to Carlisle-Pennel Lumber Company, a corporation, a deed to all standing and down timber, cedar excepted, upon two government subdivisions in section 22, township 13 north, range 2 E. W. M., one subdivision containing ten acres, the other twenty. The grantee and its successor in interest owned considerable timber in the vicinity of the land above described.

A year later, Carlisle Lumber Company, a corporation, succeeded to the rights of the grantee named in the deed, and in June, 1927, Edward Kalnoski, the plaintiff in this action, obtained title to the property through a decree of distribution of the estate of his late father, Michael Kalinoski, supplemented by a quitclaim deed from his brother.

In 1924, the grantee removed the timber from the ten-acre tract. During the month of April, 1941, Carlisle Lumber Company proceeded to fell the timber in the twenty-acre tract, preparatory to logging the land, whereupon plaintiff commenced this action to enjoin defendant from proceeding, claiming ownership of the property, and that by delay defendant had lost its right to remove the timber. Defendant answered, denying the material allegations of plaintiff's complaint, pleading affirmatively the deed above referred to, and that plaintiff was estopped by certain covenants and recitals in the deed from asserting any right or title to the timber on the land in question. Defendant also pleaded that it had paid all taxes levied against the timber as personal property; that, with the knowledge and acquiescence of plaintiff, defendant had constructed

a logging road to or near the land described in the complaint; and that, by reason of these facts, plaintiff was estopped from asserting any claim to the timber, and from objecting to the removal thereof.

By his reply, plaintiff admitted the execution and delivery of the deed, denying the other affirmative allegations in defendant's answer.

It having been shown to the court that, after the commencement of the action, the defendant corporation had filed with the secretary of state and the auditor of Lewis county certificates of voluntary dissolution, naming W. A. Carlisle and C. W. Dingess as liquidating trustees, the trustees named were substituted as parties defendant.

It was also stipulated, prior to trial, that defendants should be permitted to remove and sell the timber, the proceeds of so much thereof as was claimed by plaintiff to be paid into court pending the result of this action. The stipulation was carried into effect, and the sum of $940.11 is now in the registry of the court awaiting final judgment herein.

The action was tried to the court sitting without a jury, and resulted in the entry of findings of fact and conclusions of law in plaintiff's favor, followed by a decree quieting title to the timber in question in plaintiff, and awarding to plaintiff the money in the registry of the court.

From this decree, defendants have appealed, assigning error upon the ruling of the trial court construing the deed conveying the timber to appellants' predecessors in interest; upon certain findings of the court; upon the court's refusal to sustain appellants' affirmative defense by way of an estoppel; upon the denial of their motion for new trial; and upon the entry of the decree in respondent's favor.

A certified copy of the "timber deed" under which

appellants claim is in evidence. This deed, after naming the parties, describing the land, and acknowledging the receipt of a valuable consideration, continues:

"[First parties] have this day granted, sold and conveyed unto the said party of the second part, its successors and assigns, all the standing and down timber, cedar excepted, on the above described lands.

"It is hereby agreed that said party of the second part shall have free access to and across said land for the purpose of removing said timber with right-of-way for logging spur thereon.

"The parties of the first part hereby covenant with the said party of the second part, its successors and assigns, that they will forever warrant and defend the title to said timber against all lawful claims whatsoever."

The trial court found that more than a reasonable time for the removal of the timber elapsed between the delivery of the deed in 1923 and the date in 1941 upon which appellants entered upon the land for the purpose of cutting the timber. The court further found that

" . . . from an examination of the timber deed involved in this action and from all of the evidence, that the timber was conveyed to the grantee named therein with the right to remove the same within a reasonable time; that in the timber deed the grantors convenanted 'that they will forever warrant and defend the title to said timber against all lawful claims whatsoever.' The court finds that the intention of the grantors in this deed can be readily ascertained without resort to said warranty clause and the intention of the deed is clear; that the grantors conveyed the timber to the grantee with the right to remove the same within a reasonable length of time."

From the record, it appears that the grantee in the timber deed and its successors in interest waited over sixteen years before taking any steps toward the removal of the timber on the twenty-acre tract in

question. Apparently no reason other than the mere convenience of appellants occasioned the delay.

In the case of *Nelson v. McKinney*, 163 Wash. 529, 1 P. (2d) 876, referring to a timber deed, we said:

"If standing timber is sold and conveyed by an instrument under which the purchaser has a reasonable time to remove it, and if it is not removed within such reasonable time, then the purchaser's right to the timber, together with his right to enter, cut and remove the same, ceases, and this without notice."

In the same case, we also said:

"If no definite time is fixed, it is the universal rule that a reasonable time is inferred."

In the case cited, it was held that, after delaying twenty-two years, the grantee of the timber had lost his right to remove the same.

In the case of *Hay v. Chehalis Mill Co.*, 172 Wash. 102, 19 P. (2d) 397, this court construed a deed of standing timber containing no limitation of time for the removal of the timber, but containing a habendum clause which read: "To have and to hold unto the said O'Connell Lumber Co., its successors and assigns, forever." We held that the conveyance fixed no time for the removal of the timber, but showed no intention to convey a perpetual right to remove the same, and that the grantee was required to remove the timber within a reasonable time.

In the case at bar, appellant argues that the covenant of warranty contained in the deed under which it claims, operates to prevent respondent from claiming under the rule above referred to, that the grantee in a timber deed, in the absence of a provision in the conveyance that he have a named period within which to remove the timber, must remove the same within a reasonable time.

The estate or interest in land conveyed by a deed

is not enlarged by a clause of general warranty. The conveyance here in question contains no habendum clause. The words of conveyance are, in effect, those of bargain and sale. If appellants' contention that the covenant of warranty extends the time within which the timber could be removed, there would be no limit to the period of such extension. The sale of the timber upon a tract of land, in most cases at least, deprives the owner of the land from opportunity to put the land to any useful purpose until the timber is removed. *Hendrickson v. Lyons,* 121 Wash. 632, 209 Pac. 1095. The clause of warranty in the deed here in question did not enlarge the right obtained by the grantee to remove the timber, which right, under the law, was limited to the removal of the timber within a reasonable time from the date of the deed. The estate conveyed was not enlarged by the warranty. *Simpson v. Brown,* 162 Ga. 529, 134 S. E. 161, 47 A. L. R. 865.

In the case of *Morgan v. Veness Lbr. Co.,* 108 Wash. 674, 185 Pac. 607, this court was called upon to determine the effect of a timber deed executed August 17, 1906. It was alleged that the lands involved were valuable for agricultural and pasturage purposes, and, the timber not having been removed, the owner of the fee, February 18, 1918, sued to declare the right to remove the timber forfeited and to quiet his title. The trial court entered judgment in favor of the plaintiff, and on appeal the defendant contended that the deed should be strictly construed against the grantors, and that, as the deed contained no limitation whatever, the general rule that the timber must be removed within a reasonable time should be held inapplicable. In the course of the opinion, this court said:

"It is generally held that, unless the deed clearly manifests an intention on the part of the grantor to convey a perpetual right to enter upon the land and remove the timber, the purchaser will be allowed only

a reasonable time for such removal, and what is a reasonable time is a question of fact dependent upon the circumstances of each case. [Citing authorities.]"

The judgment was affirmed, this court being of the opinion that the defendant had lost all right to remove the timber.

It appears from the record in the case at bar that the land in question was level and suitable, to some extent at least, for agricultural purposes.

■■ Appellants contend that respondent is estopped by his own conduct from waging this action. In 1925, when the ten-acre tract was logged, it would have been a comparatively simple proposition to remove the timber from the twenty-acre tract here in question. It would seem that the timber upon this tract was of poor quality, and that it was not then deemed advantageous to remove it. In 1940, appellant, having completed other logging operations, proceeded to construct a logging road leading toward the twenty-acre tract. This road was built through appellants' own timber, and the record shows that appellants would have constructed the road regardless of the timber on the twenty-acre tract. It is not contended that any of appellants' agents discussed the matter with respondent, and he contends that he was not aware of the fact that the road was being constructed. The trial court was of the opinion that no estoppel operated against respondent, and this view was clearly correct. The case of *Harms v. O'Connell Lbr. Co.*, 181 Wash. 696, 44 P. (2d) 785, is not in point, appellants relying upon the mere fact that respondent did not then assert any right to the timber, and did not deny appellants' right to log the same, until their employees went on the property for the purpose of felling the timber. We find no estoppel which operates in appellants' favor.

■■ Considering all the provisions of the original

deed of conveyance to appellants' predecessor in interest, we hold that under that deed the grantee obtained the right to remove the timber upon the land described therein, within a reasonable time from the date of the conveyance. The deed did not vest in the grantee any other or more extensive right to remove the timber. The facts of this case bring it within the scope of *Morgan v. Veness Lbr. Co., supra,* and those cases in which that decision was followed.

It does not appear that there were any practical objections to the removal of the timber within a reasonable time after the date of the conveyance, the matter having been allowed to rest merely to suit the owner's convenience. The trial court correctly held that, the timber not having been removed within a reasonable time after the conveyance, appellants had lost their right to remove the same.

The decree appealed from is affirmed.

SIMPSON, C. J., MILLARD, ROBINSON, and GRADY, JJ. concur.