[No. 57-40562-3.   Division Three.   February 13, 1970.]

ROBERT S. JOHNSON et al., Appellants, v. D. M. LAYMAN et al., Respondents.

Alf M. Jacobsen, for appellants.

Velikanje, Moore & Countryman and John Moore, for respondents.

EVANS, C. J.—On August 5, 1949 plaintiffs Anderson purchased one section and part of an adjoining section of land from Andy McCrae, subect to timber rights which McCrae had granted to defendants Layman in 1946. In 1968 plaintiffs Anderson brought this action to remove the cloud upon their title created by the timber deed. Robert S. Johnson was later added as party-plaintiff, being a successor in interest to the Andersons.

It was plaintiffs' contention upon the trial that (1) a reasonable time had expired for the removal of the timber;

and (2) the defendants were estopped from claiming otherwise. It was defendants' contention that (1) they had a right to the timber in perpetuity; and (2) if not, a reasonable time had not expired for the removal of the timber and they were not estopped from so claiming.

The trial court rejected defendants' claim to a perpetual right of removal and held a reasonable time within which the timber must be removed would be no later than March 29, 1970.

Plaintiffs' first four assignments of error are directed to the admission of certain evidence objected to by plaintiffs as an attempt to vary the terms of a written instrument by parol evidence. While the record is not clear, it appears the evidence to which plaintiffs objected was admitted for a dual purpose—first, as it related to defendants' claim to a perpetual right of removal, and second, as it related to the question of whether a reasonable time for the removal of the timber had expired. Since the trial court rejected defendants' claim to a perpetual right of removal, the claimed error in admitting parol evidence to support this claim is moot. The testimony to which plaintiffs objected was clearly admissible for the purpose of shedding light on what was or was not a reasonable time for the removal of the timber. By reason of the trial court's ruling, we find no merit to plaintiffs' assignments of error 1, 2, 3 and 4.

Plaintiffs assign as error the following finding of fact entered by the court:

7.

That the defendant Layman is entitled to a reasonable time in which to log the timber located on that portion of Section 28 hereinabove described and that a reasonable time in which to accomplish such logging is on or before March 29, 1970. That all rights of the defendants Layman in timber located on that portion of said Section 28 not removed on or before March 29, 1970, shall terminate and be forfeited. That as of March 30, 1970, plaintiff Johnson or his successor in interest, if any, as of said date shall be the owner of the property described in paragraph 1. hereof free and clear of any claim of right, title, estate,

lien or interest of the defendants, their heirs, successors or assigns.

■ A determination of the question raised by this assignment of error involves the application of the rule that, unless a timber deed by its wording clearly manifests an intention to convey a perpetual right, the grantee or purchaser is only allowed a reasonable time in which to remove the timber. See *Nelson v. McKinney*, 163 Wash. 529, 1 P.2d 876 (1931); *Hendrickson v. Lyons*, 121 Wash. 632, 209 P. 1095 (1922); *Morgan v. Veness Lumber Co.*, 108 Wash. 674, 185 P. 607 (1919); *Leuthold v. Davis*, 56 Wn.2d 710, 355 P.2d 6 (1960).

The timber deed in question from Andy McCrae, a bachelor, conveyed and warranted:

to D. M. Layman and Ethel B. Layman, his wife, the following described property situate in the County of Klickitat, State of Washington, to-wit:

All of the timber, standing, lying and being on the following described premises, to-wit: All of section 28 and the E ½ of the southeast quarter of section 29; all in township 5 north, range 14 east, W.M., with the right of ingress and egress for the removal of said timber.

The trial court properly held that the wording of the above deed did not clearly manifest an intention to convey a perpetual right and that the Laymans had only a reasonable time in which to remove the timber.

■ The determination of what is a reasonable time may be a question of fact, or a mixed question of law and fact. In order to make this determination, the trial judge must look to the facts and circumstances of the particular case, including, but not necessarily limited to, the location of the land and timber; the obstacles opposing and facilities favoring its removal; the kind, character and quality of the timber and any other material facts and circumstances. See *Nelson v. McKinney, supra; Hendrickson v. Lyons, supra; Morgan v. Veness, supra;* and *Leuthold v. Davis, supra.*

The record establishes that Andy McCrae acquired title to the property in the following manner: On March 29, 1937,

at a Klickitat County tax title sale, McCrae and Layman entered into a contract with the county treasurer, to purchase the property in question for the sum of $640. McCrae wanted to use the property for grazing sheep, and Layman wanted the timber. Layman was aware at the time that the land had been previously logged in the early 1930's, and he estimated it would not be ready to be logged again for 60 years. Immediate severance of the existing timber was neither contemplated nor practical. The timber was scattered over open areas containing mainly rock and grass, with some concentrations of oak and scattered Douglas fir trees, with the majority of the timber being pine reproduction. Payments on the contract for deed were made by both McCrae and Layman over a period of 10 years. On November 14, 1964, the Klickitat County Treasurer issued a treasurer's deed. He mistakenly conveyed the premises to Andy McCrae, instead of to McCrae and Layman, jointly. To correct this mistake, Layman and McCrae caused the timber deed in question to be prepared, executed by McCrae, and recorded. While there is evidence that in the 22 years following the recording of the timber deed there were usable roads on the property, and an available market for timber, there was not, during that time, sufficient timber to make its removal economically feasible because the land had been logged some time between 1931 and 1934. There was no timber ready for harvest in 1937 when McCrae and Layman contracted to buy the property. The same was true in 1946 when the Laymans received the timber deed. There is also substantial evidence that it would be another 20-30 years before it would be economically feasible to log the land.

Plaintiffs' own expert witness, in charge of natural resources for the State of Washington in the area, testified in substance that the only reasonable course of action for anyone who purchased the timber in 1937 would be to let it grow into merchantable timber. In so testifying, he explained that he was considering only timber removed and not considering the use of the land for agricultural pur-

poses. It was plaintiffs' position they wanted to use the land for agricultural purposes and were being deprived of its use for that purpose; however, this contention loses much of its weight in light of the limited use for agricultural purposes to which plaintiffs put similar land owned by them. They owned 160 acres in an adjoining section of the same general nature as the land in question, and in 19 years reduced only 40 acres to agricultural use.

Plaintiffs cite several cases in which our Supreme Court held that periods ranging from 13 years to 22 years were an unreasonable length of time to allow for the removal of timber. However, no case has been cited which holds that time, alone, is the controlling factor. *Hendrickson v. Lyons, supra,* holds to the contrary. As already indicated in the cases cited above, the trial judge must look to the circumstances of the particular case.

The facts and circumstances of the present case distinguish it from the facts and circumstances of all of the cases relied upon by plaintiffs. *Nelson v. McKinney, supra,* involved the sale of standing timber to a large corporation engaged in buying and selling timber. Twenty-two years had elapsed from the time of the execution of the timber deed and the grantee's principal justification for not having removed the timber was that it could be more profitably removed by delaying until a railroad reached it. In holding a reasonable time had expired, the Supreme Court noted it was physically practical and commercially feasible to sell the timber long before the action was begun, although in all probability at a lesser price than would be obtained in the future. In *Morgan v. Veness Lumber Co., supra,* the court found the passage of 13 years constituted an unreasonable time under the circumstances. In that case it was contemplated by the parties at the time the timber deed was executed, that the land was going to be used for farming purposes and, at the time of the timber deed, the timber was marketable. There was a finding that it would have been reasonably convenient for any practical logger, using customary appliances and facilities, to remove the timber

within a short time after the execution of the deed. In *Kalnoski v. Carlisle Lumber Co.*, 17 Wn.2d 662, 137 P.2d 109 (1943) the facts disclosed the defendant lumber corporation, by timber deed, acquired rights to remove timber from two separate tracts. Within 1 year the timber was removed from one tract and 16 years later the defendant sought to remove timber from the other tract. Observing the delay was for no other reason than mere convenience of the defendant, and there was no practical obstacle to the removal of the timber, the court held that 16 years was unreasonable.

In *McFadden v. Allen-Nelson Mill Co.*, 150 Wash. 249, 272 P. 714 (1928), the timber deed provided for the removal of timber within a period of 5 years and, if for any reason the timber was not removed within the 5-year period, then such longer period as might be needed, upon the payment of $10 per year. In that case the grantee was engaged in logging operations within 3 miles of the land at the time the timber deed was executed. In holding that 18 years was unreasonable, the court stated:

> the grantor, in contracting for the sale of the timber, had granted an interest in his land for five years and so much longer *as might be needed* for the removal of the timber and a right of way for a logging railroad. After the expiration of the five years, the grantor would be excluded from the use of his lands for such reasonable time as his grantee *should need* for the removal of the timber.

There is substantial evidence to support the trial court's finding that a reasonable time for defendant Layman to remove the timber on the land in question extends to March 29, 1970. This court will not disturb those findings. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Plaintiffs assign as error the court's failure to find the defendants Layman were estopped to claim their rights in the timber on the land. This contention is based upon the testimony of Anderson, taken by deposition, that before purchasing the property from McCrae he talked to Layman

and tried to purchase the timber on the property. He testified Layman refused to sell the timber but agreed to release his timber interests on an adjoining section (which he did), and to log the section in question at the rate of 100 acres per year and complete the removal of the timber therefrom within 5 years and thereupon release the property from his timber interest. Layman, however, testified there was no offer to purchase or any discussion concerning the land in question. He denied he offered to clear such land at the rate of 100 acres per year, or to complete the logging in 5 years, but did agree to release his timber claim on property in an adjoining section. On this disputed testimony the trial court ruled against the plaintiffs, thereby in effect making a finding that Layman did not make such a promise. This court will not disturb the findings of the trial court made on conflicting evidence. *State ex rel. Carroll v. Seattle Hotel Bldg. Corp.,* 41 Wn.2d 595, 250 P.2d 982 (1952); *In re Estate of Hansen,* 66 Wn.2d 166, 401 P.2d 866 (1965).

Judgment is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied March 13, 1970.